Our next case for argument today is United States v. Gulzar, appeal number 23-1204. Mr. DePraspa, whenever you're ready. Atticus DePraspa Good morning, Your Honors, and may it please the court. My name is Atticus DePraspa, and I represent the appellant, Junaid Gulzar, in this criminal appeal. Mr. Gulzar respectfully requests that this court vacate and remand his sentence for resentencing due to the district court's failure to properly calculate the guideline range under the ordinary meaning of loss in Section 2B.1.1. Shouldn't your argument be that we should take this case en banc and overrule our precedent? That the district court did exactly what we've instructed the district court to do based on our precedent? Atticus DePraspa Your Honor, I don't think the Seventh Circuit needs to take this case en banc because Kaiser and this court's president— Mr. Gulzar Before you get to Kaiser, though, my question is, we have unequivocally held in the past that you look at the plain language of the guideline before you go to the commentary. Right? That's black letter law in the Seventh Circuit. You look at the guideline and then you go to the commentary only if the guideline is ambiguous. And in multiple cases, we've gone to the commentary to look at intended loss versus actual loss. Doesn't that necessarily mean that in the past we have held that loss is ambiguous? We go to the commentary and we've said, before you get to Kaiser, we need to say that loss in the guideline is unambiguous and means only actual loss. Atticus DePraspa Well, Your Honor, under this court's president in Rollins, for example, this court found that if you add to the definition of the guideline, that itself is plainly inconsistent with the guidelines itself. And the district court here, by having the state of detection intended loss category, is plainly inconsistent even under this court's precedent. But how do we distinguish that precedent? I think, Your Honor— Can I just complicate this question a little bit more? Because reading through the briefs, an argument weaves in and out that this isn't even an intended loss case. So interesting, though, the question is that Judge Kirsch is asking, if we're looking at whether there was an actual loss on the earliest of the potential dates, maybe we're just in an actual loss situation. And you can tell us where in the guideline the temporal—the moment at which loss should be measured, because I believe we've always said it's prior to detection. You can't take advantage of this once the world knows what you've been doing. So do you see this as an actual loss case or as an intended loss case? It's the same question of the government. So this is an actual loss case, and no matter what point in time you select in the life cycle of this case, whether it's the date of the indictment, whether it's conviction or sentencing, the actual loss amount here was zero. And in fact— No, it wasn't as of the date she first notices that she's not getting the money. Now, this is a pretty compressed—she's right on the ball, actually. It's a pretty compressed time period, but she knows he owes her some money by June 1st. He doesn't give her any money. He just gives her a lot of phony excuses. June 4, she sends text messages saying, you're scamming me, makes all sorts of threats. And then he says, well, you have to come to Indiana. And then—so there's a period of time when she thinks she may have lost the whole 310. Your Honor, so I actually think the government's position shows why the date of detection language is unworkable and is void of the reality of the facts of this case. The government can't even select the actual date of detection here. There are multiple dates, and the reason that the date of detection here is so consequential is because it leads to a different guideline range calculation. And so I think this case is a good example of why date of detection commentary and application note 3E is plainly inconsistent with the text. There is no textual support for the intended loss or date of detection language in actual section 2B1.1. But the date of detection seems like a question of fact that the court can find. And here, didn't the court find a date of detection in this case? The court ultimately did find the date of detection in this case, Your Honor. However, what the court failed to do was follow Supreme Court precedent under Kaiser, where before you defer to the application notes, commentary, and guidelines. No, no, no. What I'm saying is that you made the argument just now that the government has taken inconsistent positions. And so focusing on the date of loss as a source of ambiguity is kind of without any moorings. You're just kind of out at sea. And I guess my response is, that seems like a factual matter, a factual dispute that the court can take testimony on, or evidence on, and find. And the court here did make that factual finding. So I think, Your Honor, though, before you can get to that factual finding, you have to do the proper analysis here. Ultimately, I would agree with you that if the court were to find that loss is still genuinely ambiguous after it had done the proper Kaiser analysis and gave controlling weight to the application notes, guidelines, and commentary, then it could make that data detection determination. But the failure here was first that the district court didn't follow the analysis that courts are supposed to follow under Kaiser, which is— Can I, though, interrupt? I mean, we've gone back and forth in this court about how far you're supposed to anticipate what the Supreme Court is about to do. And Kaiser is a more general case about deference to regulations and all the rest, what I call the Our Doctrine, whereas Stinson is a case about the guidelines. And the Supreme Court does not hesitate to remind us not to get, as they like to say, in front of our skis. You know, just let the Supreme Court itself tell you that Kaiser abrogated or completely overruled Stinson. The court didn't say that in Kaiser. Indeed, it seems to have gone out of its way not to overrule things. So why isn't it Stinson we should be applying anyway? So, Your Honor, I don't think the Supreme Court needs to overturn Stinson. Actually, in Kaiser, as Your Honor pointed out, they said that it's in line with our jurisprudence and it's not overruling that. This court has then said in Rollins that under Stinson, the guidelines, application notes, and commentary are supposed to get our deference unless plainly erroneous. So they actually fit quite nicely. And the Supreme Court, I don't think, needs to overrule Stinson. If you did... And we certainly can. Yes. Right. Easy. But what Kaiser has done is added a first step before you defer to the application notes, guidelines, and commentary. The first step is for the court to determine whether or not a rule or regulation is genuinely ambiguous. And what do we mean by ambiguous? I think it's spell out the moment where we look to see if there's a loss. And the reason that's important is because people sometimes do exactly what Mr. Gulzar did after he's kind of caught. He repays her everything. And you've made the point she actually earns money. I find a lot of these no one's making anything of it. But you can't just bail yourself out of bank fraud by paying people back. So I'd like to reserve two minutes for rebuttal, but I'd like to finish Your Honor's question if that's okay. So Your Honor, first and foremost, when I was saying you have to look at the rule or regulation here, it's the text of section 2B1.1. And if you look at the text of section 2B1.1 here, first, if you look at the title, it's about embezzlement, larceny, other determining factors. And then if you look at the chart, it's giving you dollar amounts based on the actual loss that occurred. And that number increases that base level offense. So looking at the actual text of section 2B1.1, loss in this context tells us that it's some type of actual loss or the loss the victim actually suffered. And this court would resolve and use that ordinary meaning. The Supreme Court has said in Borden, one of those fundamental tools of interpretation is that a term is to be given its ordinary meaning. But what it doesn't say is when all is said and done, how much loss. If the day of sentencing the defendant pays everything back, you don't reset it to zero. Well, Your Honor, at the time of sentencing makes the most easily administrable sense because if you look at actually section 1.1.3, there it says you look at all acts and omissions committed by the defendant. And at the time of sentencing, the district court is balancing several factors. It's balancing 3553A factors. It's looking at whether or not defendant has admitted guilt or remorse. It's taking in victim statements. So that's the time that makes the most logical sense. And we're not asking this court to come up with a new bright line rule. Sentencing courts, as the sentencing court did here, was to do that analysis at the time of sentencing. And again, I'd like to point out, it doesn't matter at what point in this case you were to select because even before Mr. Gulzar was indicted, he had returned all the money plus profit. So I see I'm out of time. I'd like to reserve time for rebuttal. You're going to get time on rebuttal. Before you go, if I could ask another question. So if we're to read Kaiser to say the first step needs to be whether or not to make a determination of whether or not the text of the guideline is ambiguous, which is the position that you have set forth, what are we to make of Justice Kennedy's statement in Stinson regarding the commentary that, let's see, rather commentary explains the guidelines and provides concrete guidance as to how even unambiguous guidelines are to be applied in practice. So in other words, Justice Kennedy in Stinson created this scenario and the Supreme Court created this scenario where that applies even when guidelines are unambiguous. Yes, Your Honor. Isn't that contrary to, I mean, that's completely at odds with what you believe the rule should be under Kaiser if applied to the guidelines. So Your Honor, obviously Kaiser came after Stinson. So I would say it's modified or clarified the analysis a court must do before we get to Stinson. You're saying basically it made that language, basically overruled that. I wouldn't say that it overruled. I would say that it's modified in an analysis that the court must do. So first, you look to determine the ordinary meaning based on the plain text. Right, but doesn't Justice Kennedy's language say whether or not it's ambiguous doesn't matter? We would argue here, even if this court were to find that loss is ambiguous in this context, we would still say that under this court's precedent, we would prevail because the is adding to the plain meaning of loss because here the facts show that the date of detection is not what actually happened in this case. There was no actual loss or any loss of the victim suffered. And so this is devoid of any reality of the facts and the circumstances. So we would say that if the court were to disagree with Mr. Gulzar's position, that loss is still genuinely ambiguous after doing that Kaiser analysis, even under Stinson and this court's precedent in Rollins, we would say that date of detection commentary is adding to the definition and is plainly inconsistent with the text of the guideline itself. If you look at the context and structure of section 2B1.1. Thank you. Thank you. Thank you. Okay, Mr. Whelan. May it please the court. Your honors, Nathaniel Whelan here on behalf of the United States of America. The district court appropriately calculated the guidelines. And so we ask you affirm Mr. Gulzar's sentence. So Mr. Whelan, we're talking about actual loss. We are talking about actual loss, your honor. $310,000 went from the victims to the defendant during the course of his fraud. On June 4th, as your honor noted, the victim writes a letter to the defendant and says, or text message, and says, you know, you're scamming me. And Judge Lee, to your point, that's after the hearing when Judge Miller determined was the date of detection. That's a factual matter that's reviewed for clear error. I don't understand Mr. Gulzar to be challenging that determination one bit. He's not argued that it's clearly erroneous in light of the victim's text messages to Mr. Gulzar. And so your theory has to be that as of that moment, she and I guess the father-in-law or whatever, but the people on that side were out the full 310. That is what Judge Miller found, correct. So he had not repaid one cent of that $310,000 at that point. He makes payments after that. Well, he does the partial payment of the 115, the clears, and the rest of the dozen. And then they come back a month later for a deposition where he comes in with a backpack full of money. So what's with this amount that he pays? I mean, people don't make returns on investment like that. And so it seemed very fishy to me. Your honor, I think there's a lot going on here factually with the amounts and the back and forth. I think the evidence shows Mr. Gulzar was fairly regular at the casinos. I can't speculate where the money came from that he filled the backpack with. There was testimony at the trial that it came from his father. At sentencing, he was prepared to come forward and apparently say that it came from him and he had the money the whole time. And he just, I guess, chose not to pay back the victims. I don't know the source of this money, your honor. But anyway, the government sticking with June 4th as the date of detection and $310,000 as the amount. That's correct, your honor. And the district court's finding that that was the date of detection is not clearly erroneous because there are text messages to go to the victim. I think the defendants waived any argument actually challenging the date of detection. His isn't a factual argument. His is an argument that the word loss is temporally unambiguous. And he picks the date of sentencing and says that's the date that every sentencing court needs to calculate the guidelines and calculate loss. That's an unworkable position that's unsupported by the case law. It's unsupported by the guidelines. It's unsupported by the policy of the guidelines. So we would, wouldn't we have to find, in order to agree with Mr. Gulzar's position here, wouldn't we have to find that we in the past have found that loss is ambiguous as to whether it means actual or intended. But it's not ambiguous as to the timing. I don't think this court needs to go that far in this case. I think this court can make a determination that the word loss in and of itself is not unambiguous. Sorry, there are a lot of negatives there. The word loss is temporally unambiguous. Yeah, right. But in order to get to Mr., I think if we were to find that the word, I think Mr. Gulzar's position is it's unambiguous. Because we, I guess, we don't, he doesn't want us to get to the commentary. If we get to the commentary, he says Kaiser applies and the commentary is unreasonable. But boy, that would be, I mean, that would be a problem. You can imagine even the tax guidelines, right? If you, you can commit tax fraud and once you're indicted, you can pay your taxes and then there's no loss. And I suspect there would be a lot of people in and no tax loss. It was a big ocean, a small coast guard, right? For the right to not pay their taxes, that would happen. But we, in order to get there, we have to apply Kaiser and then find that the guidelines are, it's not the correct meaning of the guidelines, right? That we should reject the commentary of the guidelines under Kaiser. I think the only way Mr. Gulzar prevails on this appeal is to convince this court that the word loss unambiguously means the calculations at the date of sentencing. I think this court can accept for the sake of arguments. But of course, the guideline doesn't say anything about the date of sentencing either. That's correct, Your Honor. There's, nor does any court that we're ever aware of. What the guidelines talk about in 1B1.3 is all the defendant's acts and omissions during the course of the offense or in the course of attempting to avoid detection. This is your relevant conduct argument? Well, that's, we think that the application of 3E does kind of build off the relevant conduct analysis where it says when they're sentencing the defendant, you should look at all the steps he takes to avoid detection. So it makes sense that you're taking the date of detection. But I don't want to duck your question, Judge Kirsch. I don't think this court needs to resolve. This isn't the case to deal with whether Kaiser overrules Stinson. Right. We don't need to deal with that at all in this case, right? That's correct, Your Honor. And there are, as we noted in our footnote, there are other panels that this court, of this court, that's considering the issue. I think this court, you know, could accept for the sake of argument that you need to engage in the ambiguity analysis. The word loss is not clearly unambiguous, right? Even the Third Circuit, the Sixth Circuit that interpreted these counterfeit devices or intended loss, they go through the plain meanings and they say loss means the amount that was actually taken. And they say, well, loss, but loss is, you know, ambiguous depending on the context. They decided they didn't need to determine the context temporally in those cases, or they didn't determine the context temporally in those cases because that wasn't the issue before it. That's the only issue before this court. And so to the extent that they had some concerns about intended loss being included in the definition of loss or these counterfeit devices, this panel does not need to resolve that issue today. This panel only needs to ask the question of, is the word loss temporally ambiguous? And I think if you went around and you asked the average person, maybe the people in the gallery here, when do you calculate loss and don't further define it, I don't think anyone would have any clue kind of when you calculate loss. You would have to look to an application note. You would have to say, well, you know, when should we consider it? And Judge Wood, I think your point's well taken. This isn't, to say that this is a zero loss case ignores all the conduct prior to indictment. It's a zero loss case post-indictment for sure. That's why it's a zero restitution case, because he paid everything back. It's not a zero loss case because this Miss Small sitting there on June 4th, she's out of pocket. She and her in-laws are out of pocket $310,000. And that's what Judge Miller found was the data detection. That's what the actual loss is in this case, not the intended loss. Your Honors, I'm happy to address any further questions this court has. Otherwise, we would ask that you affirm Mr. Gull's sentence. Thank you. Thank you, Mr. Whalen. Mr. DePrasco, we'll give you two minutes on rebuttal. Thank you, Your Honor. So first, I'd like to point out why the data detection language in application note 3E is unworkable. If you look at the facts of this case, there are multiple dates of detection that are provided here, and it's not looking at the entire life cycle of the case or the factual reality of this case. Pre-indictment, Mr. Gulzar had returned all of the money that he had taken. If we got into the commentary, if we found that... I think I understand your position is that loss means actual loss on the date of sentencing. Is that right? So we would say that loss means actual loss or the loss the victim actually suffered. When the court calculates that, to Your Honor's point, correct, would be at the time of sentencing because that's when the court is making all of these determinations about other mitigating factors. But there are no cases that say that. There are no cases that say specifically at the date of sentencing. At the date of sentencing. That's the problem. There's no support for that. But that's when courts are doing this calculation of the loss amount. Maybe it's easy to say what was the loss as of June 4th or something. Just because you're making the calculation on a later date, there's a reference date for the date of loss. I think the important thing to remember here, Your Honor, is that if you look at what the plain meaning of loss is, which we would argue, if you use common dictionary definition, it all points to some type of diminution in value. So why isn't what Mr. Whalen said correct? That's why this is a no restitution case. Because restitution does focus on sort of the ultimate position of the victim. And we've had lots of cases that have said loss for purposes of guideline calculations is not the same thing as loss for purposes of restitution. So the restitution amount here was zero. And nobody's contesting that. And it's another factor that shows that when you look at the actual loss amount in this case, it's zero at any point in time. But there are all sorts of cases where restitution is either lower than the actual loss for the guidelines or maybe even non-existent. And are you saying that we actually really need to use the restitution number in all of those cases? What I'm saying is, in this case, Your Honor, that you should look to what loss means in the text of Section 2B1.1 first. And we would say that if you look at the context, structure, and the ordinary meaning, that all points to a common dictionary definition of some type of diminution in value or loss the victim actually suffered. And so when courts are weighing 3553A factors, it's almost the case of the people who are admitting guilt or showing remorse is a similar kind of analogy here where people are returning money. It's a factor that a sentencing court could consider. It doesn't have to consider, but it can consider. And it's doing that at the time of sentencing. I point to other district court cases, McKinney, for example, and Wheeler, where the sentencing courts are doing this analysis then and imposing that sentence. And so here, what the district court did incorrectly was, first, it didn't follow a Kaiser analysis, which is first to do this figuring out whether or not loss in Section 2B1.1 is genuinely ambiguous or not. We would argue that it's not genuinely ambiguous. And that would resolve this case. However, if this court finds that loss is still ambiguous, we would argue under Stinson, we would still prevail because under this court's precedent in Rollins, if you add to the definition of the guideline itself, then we would still prevail. And here, intended loss or the date of detection finds no support in the actual text of Section 2B1.1. And I'd also like to point out when these close ambiguity cases come into play, the rule of lenity is also one of those toolkits in the judicial toolbox in interpreting whether or not a regulation or rule is genuinely ambiguous. And so we would ask this court to vacate and remand Mr. Gulzar's sentence for resentencing so that the court can first follow binding Supreme Court precedent in Kaiser to do the analysis it was meant to do and it did not do in this case because the loss amount was and is zero. Okay, thank you. Thank you, Mr. DePrasbo. Thank you. And thank you to you and your firm for taking this case on. Thank you, Your Honors.